Edward CRESSWELL, et al., Plaintiffs,

v.

SULLIVAN & CROMWELL and Prudential Bache Securities, Inc., Defendants.

Percy Herbert MEADOWS, et al., Plaintiffs,

v.

SULLIVAN & CROMWELL and Prudential Bache Securities, Inc., Defendants.

Edward CRESSWELL, et al., Plaintiffs,

v.

SULLIVAN & CROMWELL, Defendant.

Elizabeth E. NOBLE, et al., Plaintiffs,

v.

SULLIVAN & CROMWELL and Prudential Bache Securities, Inc., Defendants.

Nos. 87 Civ. 2685 (RWS), 88 Civ. 2221 (RWS), 91 Civ. 0333 (RWS) and 91 Civ. 0676 (RWS).

United States District Court, S.D. New York.

July 17, 1991.

As Amended July 25, 1991.

---

Cooper, Brown & Behrle, P.C., New York City, for plaintiff Edward Cresswell, et al.; Richard B. Cooper, of counsel.

Brown & Seymour, New York City, for plaintiffs Percy Herbert Meadows, et al., and Elizabeth E. Noble, et al.; Peter Megargee Brown, Craig A. Landy, Peter James Clines, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant Sullivan & Cromwell; Bernard W. Nussbaum, Kenneth B. Forrest, George S. Canellos, of counsel.

Dewey Ballantine, New York City, for defendant Prudential–Bache Securities, Inc.; Valerie A. Cohen, of counsel.

SWEET, District Judge.

In *Cresswell v. Sullivan & Cromwell*, 87 Civ. 2685 (RWS) (*"Cresswell II"*), defendant Sullivan & Cromwell ("S & C") has moved on remand for summary judgment dismissing the complaint of plaintiff Edward Cresswell ("Cresswell"). In *Meadows v. Sullivan & Cromwell*, 88 Civ. 2221 (*"Meadows"*), plaintiff Percy Herbert Meadows (*"Meadows"*) has moved to stay all proceedings, and in· *Cresswell v. Sullivan & Cromwell*, 91 Civ. 0333 (*"Cresswell III"*), and *Noble v. Sullivan & Cromwell*, 91 Civ. 0676 (*"Noble"*) plaintiffs Cresswell and Elizabeth E. Noble ("Noble") have moved to remand their cases to the New York State Supreme Court. Cresswell has also moved to stay or dismiss *Cresswell II*. For the following reasons, S & C's motion is granted, the other motions are denied, and summary judgment is entered in S & C's favor on all of the complaints.[1]

BACKGROUND

The parties, underlying facts, and prior proceedings are fully described in the prior opinions of this Court and the Court of Appeals, familiarity with which is assumed. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir.1990), *rev'g* 704 F.Supp. 392 (S.D.N.Y.1989).

In December 1990, the Second Circuit opinion reversed on jurisdictional grounds the grant of summary judgment in S & C's favor on the *Cresswell II* fraud claim and remanded it to this Court for consideration in light of the proper jurisdictional basis. Shortly thereafter, Cresswell and Noble instituted the *Cresswell III* and *Noble* actions · in New York State Supreme Court, essentially repeating the allegations and claims for relief made in *Cresswell II* and in *Meadows*.

On January 15, 1991, S & C removed both of the new actions to this Court and at the same time moved for summary judgment dismissing *Cresswell II*. On February 19, Cresswell responded with his motion to remand *Cresswell III* and to stay or dismiss *Cresswell II*, and on February 20 Meadows and Noble filed moved to remand *Noble* and to stay *Meadows*. All of the motions were argued and fully submitted on March 29.

DISCUSSION

*1. There Is Jurisdiction Over the Cresswell II Fraud Claim.*

In seeking to differentiate the claim in *Cresswell II* from those in the New Actions, Plaintiffs assert that the Second Circuit impliedly dismissed their common law fraud claim against S & C and upheld federal jurisdiction only over their equitable claims. Arguing that they never intended to assert such claims and that as "masters of their complaints" they have the right to determine which claims they will press and which law will govern those claims, they seek dismissal of *Cresswell II* and permission to prosecute their common law claims in the only court which they believe has subject matter jurisdiction over

---

1. For ease of reference, the term "Plaintiffs" will be used throughout this opinion to refer to those individuals who are plaintiffs in whichever of the four actions is relevant to the discus-

sion. Also, *Cresswell II* and *Meadows* will be referred to as the "Old Actions" and *Cresswell III* and *Noble* will be called the "New Actions."

those claims, namely the New York State court.

However, analysis of the Circuit Court's opinion indicates that it did not dismiss any of the Plaintiffs' claims and instead explicitly upheld this Court's jurisdiction to adjudicate them.

At the outset of its jurisdiction discussion, the Court of Appeals summarized its decision, stating

> [W]e conclude that there is neither diversity jurisdiction nor federal question jurisdiction under the provisions relied on by plaintiffs. We are persuaded, however, that the district court had ancillary equitable jurisdiction to entertain the action.

922 F.2d at 68. The court proceeded to clarify that "plaintiffs' claim is that S & C committed common-law fraud." *Id.* at 69.

After dismissing diversity and federal question as the basis for jurisdiction, the court again stated

> Notwithstanding the absence of federal question jurisdiction and the apparent absence of diversity, however, we concluded for the reasons below that the court had ancillary equitable jurisdiction to entertain an attack on the *Cresswell I* judgment.

*Id.* at 70.

Following an explanation of the origins of this type of jurisdiction, the court, finding that "[a]ncillary jurisdiction is sufficiently flexible that the action may be maintained against a person who was not a party to the original action," *id.*, concluded that "the district court had ancillary equitable jurisdiction over the present claims against S & C." *Id.*

Thus, the Circuit Court held that this Court "had ... jurisdiction to entertain the action," an action in which "plaintiffs' claim is that S & C committed common-law fraud," which represented "an attack on the *Cresswell I* judgment." Far from dismissing any of the Plaintiffs' claims, the Court of Appeals explicitly held that there was jurisdiction over the Plaintiffs' "present claims." There is simply no support in the opinion for the Plaintiffs' contention that in speaking of the "present claims against S & C" the Court of Appeals meant to refer to anything but the claims pled in the *Cresswell II* complaint. Therefore there is federal jurisdiction over the *Cresswell II* claims.

**2.  *In Holding That Equitable Standards Would Govern the Plaintiffs' Fraud Claim, the Court of Appeals Implied that the Claim Was Federal in Nature.***

■  Significantly, the Circuit Court did not merely hold that this Court would have had equitable ancillary jurisdiction if the Plaintiffs' had chosen to frame their fraud claim in equity, but rather determined that there was jurisdiction over the claim as it had been pled. Moreover, after expressly acknowledging that the claim was for common-law fraud, the Circuit Court stated that

> Considering this issue solely as a matter of law, we would concluded that the district court did not err in [finding no reliance as a matter of law.]
>
> As indicated ... above, however, *the present action is not an action at law, but is one addressed to the court's equity powers.*

*Id.* at 71. In other words, although recognizing that the Plaintiffs had pled their claim as a legal one, the Court of Appeals held that it actually sounded in equity.

Apparently, the Court of Appeals concluded that the Plaintiffs' claim, charging fraud in connection with the entry of judgment in *Cresswell II,* was a federal equitable claim disguised through the technique of artful pleading as a state common law claim. The technique of looking beyond the words of the complaint to discern the true nature of the plaintiffs' claim, typically referred to as the "federal character" doctrine, was approved by the Supreme Court in *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). There the Court held that the district court had properly granted removal where the plaintiffs' claims, although framed solely as state law claims, "had a

sufficient federal character to support removal." The Court justified this disregard of the plaintiffs' choice of claims as follows:

> [C]ourts "will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiffs' characterization."

*Id.* (quoting 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722, pp. 564–66) (1966) (ellipsis and brackets in quoted material added in *Federated*).

The Second Circuit has acknowledged that under *Federated* a plaintiffs' control over its complaint must be tempered by the fact that it may not evade removal simply by pleading a federal claim in non-federal terms.

> [I]t is well-settled that a plaintiff as "master of the complaint" may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action. A corollary to these principles, however, is that a plaintiff cannot avoid removal by artful pleading, *i.e.*, by framing in terms of state law a complaint the "real nature of [which] is federal regardless of plaintiffs' characterization."

*Derrico v. Sheehan Emergency Hospital*, 844 F.2d 22, 27 (2d Cir.1988) (quoting *Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986)) (citations omitted, brackets in *Derrico*); *accord Nordlicht v. New York Telephone Co.*, 799 F.2d 859, 862 (2d Cir.1986).

In *Travelers Indemnity*, the Court of Appeals articulated a two-part test to determine whether a claim ought to be considered as federal in nature. First, there should be "substantial identity between the elements of the state and federal claim." 794 F.2d at 760. Where that threshold

requirement was satisfied, "the second criterion that rendered [plaintiff's] claim 'federal' [was] the fact that he had previously elected to proceed in federal court." *Id.*

Applying this test to the Plaintiffs' claims here, the Second Circuit's decision clearly implies that the court found the requisite "substantial identity" between the common law fraud claim which the Plaintiffs had pled and their implied federal equitable claim. As for the second prong of the test, the Plaintiffs had repeatedly sought to have their case adjudicated in the federal forum, insisting that federal jurisdiction existed over the claim both in their complaint and even after the Second Circuit raised the issue *sua sponte*. Plaintiffs even offered to drop the claims of three parties in order to preserve diversity jurisdiction. *See Cresswell II*, 922 F.2d at 69. Thus the *Travelers Indemnity* test is satisfied and Plaintiffs' claim must be held to be of federal character.

Therefore, under the governing authority of the Supreme Court and the Second Circuit, the Court of Appeals' treatment of the Plaintiffs' appeal indicates that the *Cresswell II* fraud claim is in reality a federal equitable claim disguised as a state common law claim.

### 3. The Claims in the Other Three Actions Are Also "Federal in Nature."

Because the complaint in *Meadows* is virtually identical to the *Cresswell II* complaint, the conclusion that the *Cresswell II* fraud claim falls within the *Federated* "federal character" exception to the "master of the complaint" doctrine applies to the *Meadows* fraud claim as well.

As for the New Actions, which are themselves nearly identical, they each contain two fraud claims, one for "Fraud in Connection with the Exchange Inquiry" and a second for "Fraud in Connection with the Exchange Investigation." Both complaints also include a claim for relief under § 487 of the New York Judiciary Law [2]—the

---

**2. Misconduct by attorneys**

An attorney or counselor who:

1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; ....

same claim which the Plaintiffs were prevented from adding in *Cresswell II* by this Court's denial of leave to amend, 704 F.Supp. at 411–12, a ruling which was affirmed on appeal. 922 F.2d at 72.

Comparison of the *Cresswell II* and *Cresswell III* complaints leads to the conclusion that the fraud claims alleged in the newer action are not meaningfully different from the fraud claim in the older case. While the original claim has been split into two separate claims, the allegations of both claims, when combined, virtually repeat the allegations in *Cresswell II*. Therefore, the preceding discussion compels the conclusion that the *Cresswell III* and *Noble* fraud claims are also federal in nature.

### 4. The Motions to Remand.

■ Given the foregoing analysis, the removal of the New Actions was proper and the motions to remand *Cresswell III* and *Noble* must be denied. Although the § 487 claim in each action is clearly a state law claim, the Plaintiffs' decision to join those claims with their fraud claims justifies removal of both of the New Actions in their entirety under 28 U.S.C. § 1441(c). While this approach effectively permits Plaintiffs to circumvent the denial of their original motion to amend in *Cresswell II*, it seems to present the best hope of resolving this litigation with any semblance of judicial efficiency.[3] *See also Valerio v. Boise Cascade Corp.*, 645 F.2d 699 (9th Cir.) (federal court properly asserted pendent jurisdiction over state law claims asserted together with federal equitable claim for fraud in earlier settlement), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

Because the motions to remand are denied, it is not necessary to address the motions to stay or to dismiss *Cresswell II* and to stay *Meadows* pending resolution of the New Actions. Because the fraud claims in all four actions are the same and all are properly presented in this Court,

resolution of one will effectively dispose of all.

### 5. The Motion for Summary Judgment.

a. The fraud claim is not a claim for "fraud on the court."

According to the Plaintiffs, summary judgment on the equitable fraud claim in *Cresswell II* is not warranted because reliance is not an element of an equitable claim for "fraud on the court" as defined by the Supreme Court in *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Plaintiffs argue that because this Court previously found a genuine issue of fact as to S & C's intent and as to the materiality of the non-disclosures, S & C is not entitled to summary judgment on the equitable fraud claim.

■ The major obstacle which the Plaintiffs must overcome in making this argument is the Court of Appeals' discussion of the proper standard to be applied to their claim on remand.

> [I]n order to pursue an independent action to set aside a judgment, a plaintiff must show a recognized ground, such as fraud ..., for equitable relief and that there is no other available or adequate remedy. *It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness.* In this type of action, it is fundamental that equity will not grant relief if the complaining party "has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action ... to open vacate, modify, or otherwise obtain relief against, the judgment." The granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge.

*Cresswell II*, 922 F.2d at 71 (quoting *Winfield Associates, Inc. v. Stonecipher*, 429

---

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

3. In addition, S & C has never asserted that this Court should decline jurisdiction over the § 487 claims in the New Actions.

F.2d 1087, 1090 (10th Cir.1970)) (emphasis in *Cresswell II*). The Circuit Court further commented

> Most important for purposes of the present cases is the principle that in order to obtain the requested equitable relief a plaintiff must show "the absence of fault or negligence" on his own part.

*Id.* (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970)).

The Plaintiffs contend that the Court of Appeals erred in this respect, arguing that it overlooked the controlling precedent of *Hazel–Atlas Glass*. They support this argument by pointing out that the entire jurisdictional issue was raised by the court *sua sponte* during oral argument and briefed only summarily by the parties after argument, with no attention to the standards which would govern if an alternate jurisdictional basis was found. They therefore assert that the court's enunciation of the standards to govern on remand must be viewed as dicta and should not control this Court's decision on remand.

S & C responds that the Plaintiffs' fraud claim does not rise to the level of fraud on the court, and that therefore the standard set forth by the Court of Appeals is appropriate, and Plaintiffs must show that they were not responsible for the harm which befell them. Moreover, S & C asserts that even if the Court of Appeals' opinion was clearly erroneous the law of the case doctrine would require this Court to follow that decision.

The essence of a claim of fraud on the court is a purposeful effort "which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir.1988) (citing *Kupferman v. Consolidated Research and Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir.1972) and 7 Moore's Federal Practice ¶ 60.33, at 360). While Plaintiffs rely on *Kupferman* to support their argument that their claim alleges fraud on the court, the court in that case specifically declined to hold that an attorney's failure to disclose relevant information necessarily constitut-

ed such fraud: "it would be going to far to characterize as 'fraud upon the court' [the attorney's] failure to disclose an instrument which he could have supposed reasonable—although, as it now appears, erroneously—to have been known to his adversary." *Kupferman*, 459 F.2d at 1081.

Similarly, in *Gleason* the court was faced with a challenge to a prior settlement in which the plaintiff asserted that several witnesses had lied in their depositions in the earlier action. In declining to classify this behavior as fraud on the court, the court commented

> Gleason cannot be heard now to complain that he was denied the opportunity to uncover the alleged fraud. While the officers may have lied at their depositions, nothing prevented plaintiff during the pendency of the prior proceedings from deposing the two eyewitnesses to the bank robbery in order to impeach the officers' testimony. Instead, however, Gleason voluntarily chose to settle the action.

860 F.2d at 559.

Likewise, in *Martina Theatre Corp. v. Schine Chain Theatres, Inc.*, 278 F.2d 798 (2d Cir.1960), another case upon which Plaintiffs rely, the court distinguished the situation presented in that case from that in *Hazel–Atlas Glass*, stating

> When the parties moved for a dismissal of the [earlier action] with prejudice pursuant to stipulation, the district court had no duty to ascertain whether the settlement conformed with the antitrust laws ...; it sufficed for the court to know the parties had decided to settle without inquiring why.

*Id.* at 801.

Therefore, the Court of Appeals' decision not to view the Plaintiffs' equitable fraud claim as one for fraud on the court is more than amply supported by the relevant legal precedent.

■ Moreover, even were this not the case the standard announced by the Second Circuit would govern. Where an issue has been resolved upon appeal, on remand a lower court must adhere to that resolution

under the doctrine of the law of the case. "[T]he lower court has no discretion to disregard that duty." *Soto–Lopez v. New York City Civil Service Union*, 840 F.2d 162, 167 (2d Cir.1988). Even if the prior decision were clearly erroneous, it would be up to the appellate court to correct its error.

> [The lower court] cannot vary [the higher court's ruling], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided upon appeal....

*In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). Therefore, as the Court of Appeals obviously intended to define the standard which would govern the remand, that definition could not be refused even if it were clearly incorrect.

  b.  The Plaintiffs have not shown that they are entitled to equitable relief.

■ The Court of Appeals' decision quite explicitly places the burden upon the Plaintiffs to show the absence of negligence on their part. 922 F.2d at 71. On the present motion, the Plaintiffs have not met this burden. Having devoted virtually their entire argument to the question of whether the claim should be viewed as one for fraud on the court, the sole evidence which they present to support their claim of no negligence consists of yet another declaration from Edward Swan ("Swan"), the Plaintiffs' original attorney in the underlying litigation, who merely re-emphasizes that he believed what he had been told by S & C, even when he was presented with information which might have contradicted those representations. Nothing in the new declaration is sufficient to overcome the conclusions which this Court drew in the original grant of summary judgment that Swan had adequate knowledge and opportunity to uncover any wrongdoing on S & C's part, and that his failure to do so constitutes a basis for denying Plaintiffs their requested relief.

Therefore, as the Plaintiffs have failed to establish a factual issue as to their own attorney's diligence and the absence of ne-

glect in uncovering the alleged fraud, summary judgment dismissing the fraud claim in *Cresswell II* is warranted. Because the fraud claims in the other three actions are indistinguishable from that in *Cresswell II*, those claims will be dismissed as well.

  c.  Summary judgment is appropriate on the § 487 claims.

Although S & C's original motion for summary judgment did not address the § 487 claims which are part of both of the New Actions, in their briefs on the present motions they have requested judgment on these claims, arguing that the claims are untimely. Because the facts already in the record and based on the prior rulings in this Court and on appeal summary judgment is granted on the § 487 claims.

■ S & C contends that the limitations period applicable to § 487 claims is either the three year period specified in § 214(2) of the N.Y.C.P.L.R., which covers "an action to recover upon a liability, penalty or forfeiture created or imposed by statute" or the one year period of § 215(4) for "an action to enforce a penalty or forfeiture created by statute and given wholly or partly to any person who will prosecute." Under either provision, the Plaintiffs' claim, which accrued no later than 1985 when the *Cresswell I* lawsuit was settled, would appear to be barred. While it is not clear on the present record whether there might be grounds for tolling the limitations period, the prior ruling that the Plaintiffs' 1988 attempt to add the § 487 claim to their complaint in *Cresswell II* was untimely in light of the inexcusable delay and prejudice to S & C raises a strong possibility that any attempt to toll the statute would be offset by the Plaintiffs' laches. *Cf. G.D. Searle & Co. v. Cohn*, 455 U.S. 404, 411, 102 S.Ct. 1137, 1143, 71 L.Ed.2d 250 (1982) (discussing New Jersey approach to offsetting tolling and laches provisions).

■ Moreover, an element of a claim under § 487 is that the attorney's deceit must have caused the plaintiff's damages. In light of this Court's prior ruling that as a

matter of law the Plaintiffs could not show that their damages were traceable to the alleged fraud of S & C rather than the negligence of Swan—a ruling which was expressly approved by the Second Circuit, 922 F.2d at 71—the Plaintiffs will not be able to satisfy this element.[4]

Therefore, because there are ample grounds in the present record upon which the § 487 claims should be dismissed, summary judgment will be granted on these claims as well. Because the Plaintiffs have not been given an opportunity to contest this issue, leave will be granted to submit within twenty days of the date of this opinion any facts or authorities in relation to the propriety of this grant of summary judgment.

CONCLUSION

For all of the foregoing reasons, the various motions of the Plaintiffs in each of these four actions are denied, the summary judgment motion by S & C in *Cresswell II* is granted, and on that basis the complaint in *Cresswell III* is dismissed and the claims against S & C in the other three cases are dismissed.

It is so ordered.

---

4. As a final note on the § 487 claims, it has been said that this provision "is reserved for instances of attorney misconduct amounting to a 'chronic and extreme pattern of legal delinquency.'" *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 126 F.R.D. 462, 467 (S.D.N.Y.1989) (quoting *Wiggin v. Gordon*, 115 Misc.2d 1071, 455 N.Y.S.2d 205 (N.Y.Civ.Ct.1982)). Nothing in the voluminous record amassed in this case would appear to support a finding that S & C's behavior amounted to such a pattern.