**TOLEDO FAIR HOUSING CENTER, Plaintiff,**

v.

**FARMERS INS. GROUP OF COMPANIES, Defendant.**

**No. 3:99CV7108.**

United States District Court, N.D. Ohio, Western Division.

Aug. 19, 1999.

**704**

Stephen M. Dane, Janet Elizabeth Hales, Beth A. Rowe, Cooper, Walinski & Cramer, Toledo, OH, for Plaintiff.

James D. Curphey, Porter, Wright, Morris & Arthur, Columbus, OH, Benjamin B. Klubes, Andrew L. Sandler, Skadden, Arps, Slate, Meacher & Flom, Washington, DC, James E. Pohlman, Porter, Wright, Morris & Arthur, Columbus, OH, for Defendant.

### ORDER

CARR, District Judge.

This is a fair housing action that originally was filed in state court. Following removal of the case to this court, an order of remand was entered. (Doc. 23). Pending is plaintiffs' motion for attorneys' fees. (Docs. 6, 26), which defendants oppose. (Doc. 27).[1] For the reasons that follow, the motion for fees shall be granted *in toto.*

Defendants do not contest the reasonableness of the time expended nor the hourly rate charged by the persons who worked on the motion to remand and related pleadings. Instead, they contend that an award of fees is not proper under the circumstances, or, if an award is to be made, it should be reduced to the extent that certain work was not relevant to the remand proceedings.

■ Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such award is not automatic, but must be made only where "fair and equitable under all the circumstances." *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993) (quoting *Morgan Guaranty Trust Co. v. Republic of Palau,* 971 F.2d 917, 924 (2nd Cir.1992)). Claiming, in effect, that an award of fees would be unjust under all the circumstances, defendants argue that removal was not improper.

In support of this argument, defendants recite the arguments that I found unpersuasive when I ruled on plaintiffs' motion for remand. They also assert that removal raised substantial and complex issues, as reflected, *inter alia,* by the fact that plaintiffs' counsel expended sixty hours in working on the remand motion and brief.

In response, plaintiffs point out that no court had accepted defendants' argument, and that the principal case on which they relied, *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754 (2d Cir.1986), was readily distinguishable, and had no precedential value. Plaintiffs also note that the time their counsel expended was necessitated, not by the complexity of the issues, but their numerosity.

■ I agree that defendants' removal motion was so without plausible merit that it is just and proper under the circumstances to award fees and costs to plain-

---

1. Defendants have also asked that I reconsider the order of remand, though they present no argument in support of that request. Nonetheless, I have reviewed the parties' briefs on the issue and the remand order. On the basis of such review, I have no doubt that remand was correct.

tiffs. Their argument was based on a shallow reading of an inapplicable case that has not been favorably received by any other court-including this court. To make plaintiffs bear the costs incurred in refuting defendants' removal would defeat the salutary terms and purpose of § 1447(c), which appears designed to deter unfounded removal motions, such as the motion in this case.

Finally, I disagree with the defendants' claim that the fee award should be reduced by deducting the time spent preparing an affidavit that was, by plaintiffs' own acknowledgement, not directly germane to the issues raised by their remand motion. As plaintiffs' point out, that affidavit was provoked and necessitated by certain impolitic and irrelevant statements made by defendants in their opposition to the remand motion. It was entirely appropriate, under all the circumstances, for plaintiffs to undertake to correct the record, so that an accurate picture could be presented, not only to this court, but on appellate review as well.

In light of the foregoing, it is hereby

ORDERED THAT plaintiffs' motion for an award of fees and costs be, and the same hereby is granted; judgment therefore to be entered in favor of the plaintiffs and against the defendants in the amount of $10,302.60.

So ordered.