Charles SHAW, et al., Plaintiff

v.

**TCI/TKR OF NORTHERN KENTUCKY, INC., et al., Defendants.**

**No. CIV.A.3:99–CV–417–R.**

United States District Court, W.D. Kentucky, Louisville Division.

Sept. 24, 1999.

## MEMORANDUM OPINION

RUSSELL, District Judge.

This matter is before the Court on Plaintiffs' motion to remand to state court (doc. # 8). For the reasons that follow Plaintiff's motion is GRANTED.

### I.

Defendants InterMedia Partners of Kentucky, LP, TCI/TKR Cable of Northern Kentucky, Inc., TCI/TKR Cable of Southern Kentucky, Inc., TCI Cablevision of North Central Kentucky, Inc., and TCI Cablevision of Kentucky, Inc. ("Defendants") are current and former cable operators in Kentucky. Plaintiffs Charles Shaw and Loretta Shaw ("Plaintiffs") are Bullitt County, Kentucky residents and subscribers for cable services. This action arises from a billing practice by Defendants of passing through the Kentucky Public Service Corporation Tax ("KPSC Tax"), KRS 136.120, to the customers as a specific item on the subscribers' bills.

Plaintiffs filed a class action suit in Franklin County Circuit Court, on behalf of all Kentucky subscribers, except those in Jefferson County. Plaintiffs' Complaint alleges that Defendants have unlawfully passed through directly to cable consumers the Defendants' KPSC taxes since 1990. Plaintiffs allege that Defendants' conduct is misleading in violation of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.170.[1] The Complaint alleges that the billing practice misleads customers into believing the itemization is lawful under federal law. Plaintiffs also allege fraudulent misrepresentation, concealment and nondisclosure, and breach of contract. Plaintiffs seek a refund of the itemized "state/local tax" amount paid by subscribers since 1990, punitive damages, prejudgment interest, and costs.

Defendants removed the case to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. §§ 1441(b) and 1446, alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331. By order, U.S. District Court Judge Joseph M. Hood transferred the case to this court. Plaintiffs have filed a motion to remand. Defendants argue that removal was proper because the gravamen of Plaintiff's Complaint is that Defendants violated the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 521–559 (hereinafter the Cable Act), and the regulations promulgated under it. Defendants also based federal subject matter jurisdiction on complete preemption.

### II.

Defendants based removal on federal question jurisdiction. If removal was not proper, then this Court does not have subject matter jurisdiction and must remand the case to Franklin County Circuit Court. 28 U.S.C. § 1447(c). As a general rule, a plaintiff can avoid removal to federal court by alleging only state law claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Removal jurisdiction is limited by the "well-pleaded complaint rule." That rule states that a plaintiff must present a substantial federal question on the face of a properly pleaded complaint before the defendant may remove the action based on federal question jurisdiction. *Id.* Plaintiffs' claims arise under state law and do not present a substantial federal question on the face of the Complaint.

A federal defense, including the defense that federal law preempts Plaintiffs' claims, does not give Defendants the right to remove to federal court. *Caterpillar* at 392–93, 107 S.Ct. at 2429–30. One "independent corollary" to the well-pleaded complaint rule is the artful pleading doctrine, the principle that "a plaintiff may

---

1. The KPCA declares that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. KRS 367.170.

not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (citations omitted). However, the artful pleading doctrine applies only where federal and state claims are identical and federal law completely preempts a plaintiff's state-law claim. *Rivet,* 118 S.Ct. at 925; *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 760–61 (2d Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986).

■■■■ Complete preemption can be a basis for federal subject matter jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987). Unlike normal preemption, the inquiry for complete preemption is not merely whether Congress intended uniformity in the field, but whether "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 342 (6th Cir.1989). A federal law completely preempts a state claim only when Congress clearly manifests its intent to completely preempt a particular area. *Id.* Removal jurisdiction based on complete preemption and normal preemption analysis are two separate and distinct concepts. *Caterpillar* at 398, 107 S.Ct. at 2432.

■■■■ The defense of preemption can prevent a claim from proceeding, but in contrast to complete preemption, it does not convert a state claim into a federal claim. The Supreme Court has found complete preemption in only three areas: 1) § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a), *Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55; 2) § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,* 390 U.S.

557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); and 3) in the possessory interest of Native American tribes to lands obtained by treaty, *Oneida Indian Nation of New York State v. County of Oneida, N.Y.,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) (considered a complete preemption case by the Supreme Court; *see Caterpillar,* 482 U.S. at 393 n. 8, 107 S.Ct. at 2430 n. 8).

■■■■ The issue becomes whether the Cable Act completely preempts Plaintiff's state law claims. Congress intended for concurrent enforcement of the Cable Act by the FCC and state authorities. The Act states, "Nothing in this subchapter shall be construed to prohibit any State or any franchising authority from enacting or enforcing any consumer protection law, to the extent not specifically preempted by this subchapter." 47 U.S.C. § 552(d)(1). However, the Cable Act specifically preempts rate regulation by the state: "No Federal agency or State may regulate the rates for the provision of cable service except to the extent provided under this section and section 532 of this title." 47 U.S.C. § 543(a)(1).

■■■■ Although rate regulation is preempted by the Act, this Court does not find that Congress manifested the clear intent to completely preempt the area of cable television billing practices. The provision at 47 U.S.C. § 552(c)(1) indicates that Congress did not have this intent. *See Total TV v. Palmer Communications, Inc.,* 69 F.3d 298 (9th Cir.1995); *Commonwealth of Kentucky, ex rel. Gorman v. Comcast Cable of Paducah,* 881 F.Supp. 285, 287 (W.D.Ky.1995); *but see Time Warner Cable v. Doyle,* 66 F.3d 867 (7th Cir.1995)(holding that the FCC regulation promulgated under Cable Act preempts state administrative enforcement action to prohibit negative option billing). Furthermore, in *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995)(*en banc*), and *Strong v. Telectronics Pacing Systems,* 78 F.3d 256 (6th Cir.1996) the Sixth Circuit set forth a standard for determining

whether a federal statute satisfies the complete preemption doctrine: whether the preempting federal statute creates a parallel federal cause of action to replace the preempted state law cause of action. Congressional intent to convert the state cause of action into a federal cause of action and establish removal jurisdiction is expressed through the creation of a federal remedy. 78 F.3d at 260. Under this standard, the Cable Act does not satisfy the complete preemption doctrine because it does not create a parallel federal cause of action. *See Mallenbaum v. Adelphia Communications Corp.*, 74 F.3d 465 (3rd Cir.1996).

Defendants have the burden of proving removal jurisdiction. The Complaint solely alleges state law claims, seeking compensatory and punitive damages. Defendants have not pointed to any federal cause of action created by the Cable Act within which Plaintiffs' claim falls. In fact, Defendants argue that Plaintiff has no federal cause of action and their claims must be dismissed.

Because Congress did not intend to completely preempt Plaintiffs' state law claims, this Court does not have subject matter jurisdiction to address the merits of Defendants' preemption defense. This Court expresses no opinion on whether the Kentucky Consumer Protection Act is preempted by the Cable Act or whether the Federal Communications Commission has exclusive jurisdiction over Plaintiffs' claims. Because Plaintiffs pleaded state law claims, anything less than complete preemption is not grounds for removal. This case must be remanded to the Franklin County Circuit Court to decide the preemption issues and other defenses. 28 U.S.C. § 1447(c).