■ RICHARD A. BRADFORD, Appellant, v PETER B. WEBER et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered July 17, 1986 in Albany County, upon a verdict rendered in favor of defendants.

Defendant Peter B. Weber (hereinafter Weber) is president and sole shareholder of defendant Rushmore & Weber, Inc. (hereinafter Rushmore & Weber), a small, closely held corporation which sells, rents and services new and used forklift trucks. Rushmore & Weber primarily sells forklifts manufactured by Clark Equipment Company (hereinafter Clark) and is an authorized Clark dealer; Weber is an authorized Clark dealer principal. A number of years ago, Weber became interested in hiring someone with experience in the Clark system who would manage the daily operations of Rushmore & Weber and eventually replace himself as a Clark dealer principal.

Plaintiff had worked with Clark products for nine years and was a sales manager when he met Weber in 1979. After an extended period of negotiations, it was agreed that plaintiff

would come to work for Rushmore & Weber as its marketing manager. An employment agreement executed by plaintiff and Weber, as president of Rushmore & Weber, provided that plaintiff could be terminated only as follows: "By Company, after showing good cause. 'Good cause' as used in this subparagraph shall be defined as any willful and continued personal misconduct, action or inaction on the part of [plaintiff] that is damaging or detrimental to the Company's business." As part of the same transaction, plaintiff and Weber executed a stock option agreement which gave plaintiff the right to acquire stock in Rushmore & Weber upon certain terms and conditions. This agreement provided that plaintiff, Weber and Rushmore & Weber would execute an attached shareholders' agreement at the time plaintiff elects to purchase stock. The shareholders' agreement provided for the repurchasing of plaintiff's stock upon the termination of his employment with the company.

In January 1982, plaintiff began working for Rushmore & Weber as marketing manager. In September 1982, plaintiff notified Weber in writing of his intention to exercise his first stock option pursuant to their agreement. Thereafter, Rushmore & Weber's board of directors (hereinafter the board) met and discussed plaintiff's performance with the company. At that time the board agreed that plaintiff should be advised to seek other employment and that Weber should not sell the stock to plaintiff because Weber would only repurchase it pursuant to the shareholders' agreement after plaintiff's employment was terminated. Weber advised plaintiff of the board's recommendation in October 1982. After plaintiff commenced the present litigation his employment at Rushmore & Weber was terminated. Within two weeks plaintiff had commenced new employment with another Clark dealership.

At trial plaintiff sought to prove that defendants had breached their employment contract and had intentionally interfered with plaintiff's contractual rights under the stock option agreement. At the close of all evidence, Supreme Court dismissed the cause of action for intentional interference with contractual rights. The jury unanimously found by special verdict that plaintiff was terminated for "good cause" as defined in the employment contract. Plaintiff moved to set aside the verdict as contrary to the weight of the evidence. Supreme Court denied the motion and this appeal by plaintiff ensued.

Plaintiff's first contention on appeal is that Supreme Court erred in dismissing his cause of action against defendants for

intentional interference with his contractual rights. The gravamen of this claim is that Rushmore & Weber terminated plaintiff's employment for the purpose of interfering with plaintiff's right to obtain stock pursuant to his stock option agreement with Weber. In our view, Supreme Court properly dismissed this cause of action based upon the undisputed evidence that the employment, stock option and shareholders' agreements were negotiated together in the same transaction and, hence, constituted a single contract between plaintiff, Weber and Rushmore & Weber (see, 22 NY Jur 2d, Contracts, § 226, at 72-74). Plaintiff himself testified that the employment agreement and the stock option contract had been negotiated as a package deal and that he would not have accepted the position with Rushmore & Weber in the absence of either item. That the parties viewed these agreements as an integrated transaction provides strong support for Supreme Court's conclusion that the agreements were to be considered as one contract (see, 22 NY Jur 2d, Contracts, § 226, at 74). It follows, therefore, that plaintiff's claim must fail since a party to a contract cannot be held liable for intentional interference with that contract (see, Key Bank v Lake Placid Co., 103 AD2d 19, 28, appeal dismissed 64 NY2d 644).

Plaintiff also contends that the jury's verdict should have been set aside as against the weight of the credible evidence. In support of this contention, plaintiff notes that defendants had the burden of proving their defense that they terminated plaintiff for good cause (see, Felsen v Sol Cafe Mfg. Corp., 24 NY2d 682, 685). According to plaintiff there was not sufficient evidence to support the jury's conclusion that plaintiff's conduct while employed by Rushmore & Weber constituted "willful and continued personal misconduct, action or inaction * * * that is damaging or detrimental to the Company's business". We note, however, that there was evidence adduced at trial which indicated that plaintiff was unable to gain the respect of the employees and that this had resulted in low morale among the workers; generally displayed poor business judgment and, on at least one occasion, had negotiated a deal which resulted in a net loss to Rushmore & Weber; had incorrectly stated Rushmore & Weber's policy concerning warranties on used trucks at a sales meeting; and had been charged with driving while intoxicated in a company vehicle he had not been authorized to use and had concealed this incident until it came out in the newspapers and he was confronted by Weber. Based on the foregoing, we cannot say that the jury's verdict, finding that plaintiff had been dis-

charged for cause as defined in the employment contract, was unsupported by any fair interpretation of the evidence *(see, e.g., Kerwin v County of Broome,* 134 AD2d 812, 814; *Hoynacki v Cummings* 127 AD2d 941, 942). Accordingly, the jury verdict may not be disturbed.

We have considered plaintiff's other contentions and find them to be without merit.

Judgment affirmed, with costs. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.