■ TRI-DELTA AGGREGATES, INC., Respondent-Appellant, v ANDREW W. GOODELL, Respondent, and CHAUTAUQUA COUNTY, Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in failing to dismiss plaintiff's cause of action against defendant Chautauqua County (County) for tortious interference with contract. One contracting party does not have a cause of action against the other for inducing the breach of the contract *(see, Cuker Indus. v Crow Constr. Co.,* 6 AD2d 415, 417). Moreover, because defendant Goodell was acting on behalf of the County and within the scope of his authority, he cannot be held liable for inducing the County to breach its contract with plaintiff *(see, Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898, 899). Thus, the cause of action against the County for tortious interference with contract is dismissed.

The court properly denied the County's motion to dismiss plaintiff's cause of action for fraud. Plaintiff set forth the alleged misconduct in sufficient detail to inform the County of the incidents complained of *(see,* CPLR 3016 [b]; *Lanzi v Brooks,* 43 NY2d 778, 780, *mot to amend remittitur granted* 43 NY2d 947, *rearg denied* 44 NY2d 733). In our view, the complaint alleges the necessary elements of a cause of action for fraud. (Appeals from Order of Supreme Court, Chautauqua County, Ricotta, J.—Dismiss Cause of Action.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.