■ MAX W. FRITZSCH, Respondent-Appellant, v COUNTY OF CHENANGO, Appellant-Respondent. [603 NYS2d 613] —Weiss, P. J. Cross appeals from an order of the Supreme Court (Ingraham, J.), entered May 11, 1992 in Chenango County,

which denied plaintiff's motion for summary judgment on the issue of liability and defendant's motion for summary judgment dismissing the complaint.

In June 1989, plaintiff and defendant entered into a one-year contract for the removal of scrap metal from landfills within Chenango County.* The contract terms included "two (2) options to renew, annually, with mutual consent" and further provided that a meeting was to occur two months prior to the expiration of the contract year to review and exercise or reject the options. Concededly, no meeting was held by the parties until July 10, 1990. During the weeks following the expiration of the contract term while both parties were considering renewal, plaintiff continued performance which he alleges effected a renewal of the contract. The complaint also alleges that the contract was orally renewed at the July 10, 1990 meeting with Edward Umbach, Director of the Chenango County Department of Waste Management. However, plaintiff in an affidavit in support of his motion modified this stance stating only that Umbach had assured him that defendant would extend the contract. On July 11, 1990, defendant's Solid Waste Committee voted not to renew the contract, and while plaintiff disputes the date, defendant contends that notice of the determination was given to plaintiff on July 12, 1990. Plaintiff commenced this action for damages for breach of contract and each party has moved for summary judgment. Supreme Court denied both motions and these cross appeals ensued.

It is well recognized that interpretation of a contract is a legal matter for the courts *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 451). In the interpretation process, unambiguous provisions must be given their plain and ordinary meaning *(Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868; *Stainless, Inc. v Employers' Fire Ins. Co.,* 69 AD2d 27, 32, *affd* 49 NY2d 924).

The plain and unambiguous provisions of the subject contract show that its duration was for a one-year term. There was no renewal made pursuant to the contract renewal clause, nor had any modification or amendment in writing signed by the parties been made. Plaintiff has acknowledged that no

---

* The contract carries no date and defendant states that execution occurred sometime after June 22, 1989 and probably before July 1, 1989. Defendant paid for plaintiff's continuing performance through June 30, 1990.

formal renewal occurred up to the time his meeting with Umbach concluded on July 10, 1990. His continuation of services pending the renewal or nonrenewal decision by defendant, at best, resulted in entitlement to compensation for such services measured either by the terms of the expired contract or the fair and reasonable value thereof (see, 22 NY Jur 2d, Contracts, § 454, at 393). Defendant has offered to make such payment. However, it is clear that absent renewal the contract ceased to exist. Accordingly, defendant is entitled to dismissal of the complaint.

Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion; cross motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.