■ Varoujan Makastchian et al., Appellants, v Oxford Health Plans, Inc., et al., Respondents. [721 NYS2d 351] —Orders, Supreme Court, New York County (Stephen Crane, J.), entered on or about July 27, 2000, March 1, 2000 and October 17, 2000, which, in this class action to recover for alleged wrongful termination of health insurance coverage, to the extent appealed from as limited by the brief, denied plaintiffs' motions to enjoin defendant insurers from retroactively terminating health insurance coverage of class members for non-payment of premiums based on a general notice sent out with billing statements prior to default, and to amend the complaint to add a claim for punitive damages, unanimously affirmed, without costs.

While defendants' prior practice of retroactive termination without advance notice was contrary to the terms of the parties' contract and violative of General Business Law § 349 (*see, Makastchian v Oxford Health Plans*, 270 AD2d 25), the IAS

court properly exercised its discretion in denying plaintiffs' request for injunctive relief with respect to defendants' revised procedures (*see, id.*). Although we have found that advance notice is required, defendants now provide such notice with their billing statements. Included in this notice is a clear explanation of the subscriber's right to remit any overdue payment during the ensuing 30-day grace period and of the circumstance that, if such payment is not received, coverage will be terminated retroactively to the end of the day before the premium due date. This notice is not the sort of deceptive act that is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26).

Individualized notice of termination sent only after default is not required, nor is retroactive termination prohibited by the contract or law. While Insurance Law § 3216 (d) (1) (C) requires that coverage remain in effect during any grace period to pay premiums, here it is only after grace period expires and premiums have not been paid that coverage terminates retroactively to the end of last month for which the subscriber did pay (*see, Zaitschek v Empire Blue Cross & Blue Shield*, 166 Misc 2d 161, *affd* 172 Misc 2d 864). In addition, the New York State Department of Insurance's determination that retroactive termination of coverage back to the last day for which premium was paid is permitted when premium is not received during the grace period, although not binding upon the court, is entitled to deference (*see, Matter of Brown v Wing*, 93 NY2d 517, 524; *Matter of Black Radio Network v Public Serv. Commn.*, 253 AD2d 22, 25).

Also proper was the IAS court's denial of plaintiffs' motion to add a claim for punitive damages. Punitive damages may not be sought for those of plaintiffs' causes of action that have been dismissed, which were grounded on the failure to provide advance notice (*see, Omansky v 64 N. Moore Assocs.*, 269 AD2d 336, 337), or, since this is a class action, in connection with plaintiffs' General Business Law § 349 claim (*see*, CPLR 901 [b]; *Ridge Meadows Homeowners' Assn. v Tara Dev. Co.*, 242 AD2d 947). As to plaintiffs' purportedly new evidence in support of their proposed claims for punitive damages, while plaintiffs may have demonstrated that termination of coverage could have devastating results, their assertions of reckless procedures on the part of defendants are essentially claims that defendants failed to deal with them and the other members of the plaintiff class in good faith. Such claims are insufficient to allege a separate tort, independent from

plaintiffs' breach of contract claim, upon which a claim for punitive damages might be based (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315; *Logan v Empire Blue Cross & Blue Shield*, 275 AD2d 187).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sullivan, P. J., Mazzarelli, Buckley and Friedman, JJ.