■ ROYAL INDEMNITY Co. et al., Appellants, v SALOMON SMITH BARNEY, INC., as Successor in Interest to SMITH BARNEY, INC., et al., Respondents, et al., Defendants. [764 NYS2d 187] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered December 30, 2002, which, insofar as appealed from, denied plaintiffs' motion to dismiss defendants-respondents' fifth counterclaim, unanimously reversed, on the law, with costs, the motion granted and the fifth counterclaim dismissed.

Plaintiffs are umbrella and excess liability insurers that have issued policies to defendants Salomon Smith Barney, Inc., Salomon Smith Barney Holdings, Inc., and Citigroup, Inc. (collectively, the insureds). In this action, plaintiffs seek a declaration that they are not obligated to provide coverage under these policies for certain sexual discrimination, harassment and retaliation claims asserted against the insureds by former employees. Among other things, plaintiffs allege that the insureds failed to provide timely notice of the claims, as required

by the policies as a condition precedent to coverage; that other or underlying insurance has not been exhausted so as to trigger coverage under the terms of the policies; and that the underlying claims are not covered under the terms of the policies.

In their fifth counterclaim, the insureds assert a purported cause of action against plaintiffs for "bad faith denial of coverage" with respect to the underlying claims against the insureds. As a remedy for such bad faith, which is alleged in entirely conclusory fashion, the insureds seek compensatory and punitive damages in amounts to be determined at trial. Plaintiffs moved to dismiss the fifth counterclaim as legally insufficient pursuant to CPLR 3211 (a) (7), and to dismiss the insureds' demand for an award of punitive damages. The IAS court dismissed the insureds' demand for punitive damages, based on determinations that the insureds had not alleged "a violation of a duty independent of the contract," and that "[p]laintiffs' theory of the case is not without merit." The court declined, however, to dismiss the fifth counterclaim to the extent it seeks compensatory damages.

We reverse. Allegations that an insurer had no good faith basis for denying coverage are redundant to a cause of action for breach of contract based on the denial of coverage, and do not give rise to an independent tort cause of action, regardless of the insertion of tort language into the pleading (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 319-320 [1995]; *Bettan v Geico Gen. Ins. Co.,* 296 AD2d 469, 470 [2002], *lv dismissed* 99 NY2d 552 [2002]; *Makastchian v Oxford Health Plans,* 281 AD2d 197, 198-199 [2001]). Contrary to the view of the IAS court, it does not assist these insureds that New York law recognizes a cause of action against a liability insurer for breach of the duty of good faith in the defense or settlement of a claim (*see Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445, 452-453 [1993]), since it is undisputed that plaintiffs have never exercised any control over the defense or settlement of the underlying claims for which the insureds seek coverage. Concur—Rosenberger, J.P., Lerner, Marlow and Gonzalez, JJ.