■ HARROGATE HOUSE LIMITED et al., Appellants-Respondents, v ANDREA JOVINE, Respondent-Appellant. [767 NYS2d 613]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered January 6, 2003, which granted in part and denied in part defendant's motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

Although plaintiffs' first three causes of action nominally seek recovery in tort, plaintiffs' allegations in support of those causes amount to no more than attempts to recover what is purportedly owed them under certain agreements and, accordingly, do not state cognizable tort claims (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *see also New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). What is essentially a contract claim may not be transformed into one for recovery in tort simply by using terms culled from pleadings sounding in tort (*see Clark-Fitzpatrick, Inc.*, 70 NY2d at 390; *Royal Indem. Co. v Salomon Smith Barney*, 308 AD2d 349 [2003]).

No more viable was plaintiffs' fifth cause, seeking to pierce the corporate veil, since plaintiffs failed to allege facts which, if proved, would justify taking the extraordinary measure of disregarding the corporate form (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993]).

Finally, accepting the facts alleged as true and affording plaintiffs the benefit of every possible favorable inference, as we must in passing upon a motion to dismiss pursuant to CPLR 3211 (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), plaintiffs have pleaded a viable cause of action for breach of contract against defendant. Concur—Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.