ELIZABETH ALEXANDER, Appellant, v GEICO INSURANCE COMPANY, Respondent. [826 NYS2d 777]—

Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 18, 2005 in Clinton County, which, inter alia, partially granted defendant's cross motion to dismiss the complaint.

Plaintiff was injured in an April 2002 automobile accident for which she received no-fault benefits from defendant, her

automobile insurance carrier.* At some point thereafter, however, defendant refused to cover certain treatments prompting plaintiff to commence this action. In addition to asserting a breach of contract claim against defendant, plaintiff asserted causes of action sounding in bad faith and tort (with a concomitant request for punitive damages). At issue is an order of Supreme Court which, among other things, dismissed the bad faith and tort causes of action. We now affirm.

Construing the complaint in the liberal light to which it is entitled on a motion to dismiss (*see* CPLR 3211 [a]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we nevertheless conclude that the causes of action sounding in tort and bad faith were not properly stated. The essence of plaintiff's dispute with defendant is the latter's breach of contract in failing to provide her with continued no-fault benefits following her accident. Plaintiff has failed to allege or demonstrate the creation of a relationship or duty between herself and defendant separate from this contractual obligation; therefore, no independent tort claim lies (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320 [1995]; *Logan v Empire Blue Cross & Blue Shield*, 275 AD2d 187, 192-193 [2000], *lv dismissed* 96 NY2d 823 [2001]). Moreover, no separate cause of action exists in tort for an insured's alleged bad faith in failing to perform its contractual obligations (*see New York Univ. v Continental Ins. Co.*, *supra*; *Zawahir v Berkshire Life Ins. Co.*, 22 AD3d 841, 842 [2005]; *Royal Indem. Co. v Salomon Smith Barney*, 308 AD2d 349, 350 [2003]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 470 [2002], *lv dismissed* 99 NY2d 552 [2002]). Thus, the bad faith claim was also properly dismissed.

To the extent that plaintiff also sought punitive damages in her complaint, such demands were also properly dismissed because there is no basis for determining that defendant's conduct constitutes a tort independent of the contract (*see New York Univ. v Continental Ins. Co.*, *supra* at 316-317; *Logan v Empire Blue Cross & Blue Shield*, *supra* at 194) and because her allegations do not demonstrate that defendant, in dealing with the general public, engaged in egregious or fraudulent conduct evincing "such wanton dishonesty as to imply a criminal indifference to civil obligations" (*New York Univ. v Continental Ins. Co.*, *supra* at 316 [internal quotation marks and citations omitted]; *accord Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *see Varveris v Hermitage Ins. Co.*, 24 AD3d 537, 538 [2005]; *Sweazey v Merchants Mut.*

---

* Plaintiff was not driving her vehicle at the time of the accident but rather was a front-seat passenger.

*Ins. Co.*, 169 AD2d 43, 46 [1991], *lv dismissed* 78 NY2d 1072 [1991]; *Hebert v State Farm Mut. Auto. Ins. Co.*, 124 AD2d 958, 959 [1986], *lv dismissed* 69 NY2d 1038 [1987]; *Korona v State Wide Ins. Co.*, 122 AD2d 120, 121 [1986]).

To the extent preserved, plaintiff's remaining contentions have been reviewed and rejected, including the claim that the driver of the vehicle should have been added as a party.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.