■ Nelson K. Bauersfeld, Appellant, v Board of Education of the Morrisville-Eaton Central School District, Respondent. [846 NYS2d 809]—

Cardona, P.J. Appeal from an order of the Supreme Court (McDermott, J.), entered October 4, 2006 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1998, plaintiff was hired by defendant to serve as Superintendent of Schools. Over the course of the next six years, the 1998 employment contract between the parties was amended several times, extending plaintiff's term as superintendent through June 30, 2006. The most recent version was executed in June 2003 and amended in July 2004. As relevant herein, paragraph 13 of that amendment entitled plaintiff and his spouse to lifetime health insurance coverage "[u]pon his retirement from the District on or after June 30, 2005." Subsequently, plaintiff decided to take a position as superintendent of schools of a different school district located in central New York at an increased yearly salary. By letter dated August 24, 2005, plaintiff notified defendant of his "intent to retire from the position of Superintendent of Schools." In reply, defendant "accepted, with regret, [plaintiff's] resignation as Superintendent of Schools." Defendant specifically informed plaintiff that it was its position that he was deemed to have resigned, rather than retired, and consequently, plaintiff was not entitled to lifetime health insurance coverage pursuant to paragraph 13.

Plaintiff thereafter commenced this litigation alleging causes of action for breach of contract, equitable estoppel and unjust enrichment, seeking, among other things, over $450,000 in damages. Prior to joinder of issue, defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. On the basis that there were no disputed issues of fact, Supreme Court converted defendant's motion to dismiss into a motion for summary judgment, and dismissed the complaint, prompting this appeal.

Initially, we are unpersuaded that Supreme Court erred in dismissing plaintiff's breach of contract cause of action. "The written terms and conditions of a contract define the rights and obligations of the parties where the language employed is clear and unambiguous" (*Dierkes Transp. v Germantown Cent. School Dist.*, 295 AD2d 683, 684 [2002] [citations omitted]). Notably, the initial 1998 employment contract provided that the parties' employment agreement could be terminated by, among other things, the "[r]etirement of the Superintendent" or "[r]esignation by the Superintendent," thus making it clear that the concepts of "resignation" and "retirement" were not considered to be synonymous. Paragraph 13 of the 2004 contract amendment stated that lifetime health insurance would be provided in the event of plaintiff's retirement and made no reference to resignation.

It is undisputed that, in leaving his employment with defendant, plaintiff did not change his status in any way by, for example, applying for retirement benefits or ceasing to engage in his regular employment as a school superintendent. Instead, he took a similar position with a school district in a neighboring county at a higher salary. While it does not appear that plaintiff's actions resemble a voluntary "retirement" from his "employment or career" as that term is commonly understood (Black's Law Dictionary 1342 [8th ed 2004]), plaintiff, nevertheless, maintains that paragraph 13 of the 2004 amendment actually refers to his retirement from a *particular* school district, i.e., defendant. Given the language of this particular employment agreement, we are not persuaded by plaintiff's argument. "[A] court is duty-bound to adjudicate the parties' rights according to unambiguous provisions and give words and phrases employed their plain meaning" (*Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747 [1997]; *see Hudock v Village of Endicott*, 28 AD3d 923, 924 [2006]). In that regard, it is notable that, in contrast to the concept of retirement, plaintiff's departure from defendant's employment fits fully within the recognized definition of "resignation" (Black's Law Dictionary 1336 [8th ed 2004]). Thus, since it is not permissible for this Court to add the phrase "or resignation" to paragraph 13 of the parties' agreement, as amended (*see generally Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]), Supreme Court properly found in favor of defendant.

We have examined plaintiff's remaining contentions, including his claims that Supreme Court erred in dismissing his equitable estoppel and unjust enrichment claims, and find them to be lacking in merit.

Mercure, Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.