■ FRANCIS J. ANGELINO, Appellant-Respondent, v MICHAEL FREEDUS, D.D.S., P.C., et al., Respondents-Appellants. [893 NYS2d 668]—

McCarthy, J.

Plaintiff seeks to collect alleged unpaid rents for the years 2002 through 2007 from defendant Michael Freedus, D.D.S., P.C. (hereinafter defendant P.C.), plaintiff's former lessee. Plaintiff also alleges tortious interference with the lease contract and seeks punitive damages against defendant P.C. and its principal, defendant Michael Freedus. Plaintiff sold the building in which defendant P.C. leases space. The purchase and sale agreement reserved plaintiff's right to collect certain rents from defendant P.C. At the closing, however, plaintiff delivered to the purchaser an assignment of leases and rents which purported to assign to the purchaser's management company all of plaintiff's right, title and interest to rents due under plaintiff's lease with defendant P.C., including the right to enforce rents already due.

Defendants moved to dismiss the complaint, alleging a defense based upon documentary evidence, plaintiff's lack of capacity to sue on the lease, and failure to state a cause of action (see CPLR 3211 [a] [1], [3], [7]). In essence, defendants argued that the purchase and sale agreement, at most, reserved plaintiff's right to collect only a portion of the rents that plaintiff claims and, in any event, the assignment of leases and rents conveyed to the purchaser all rights to collect rent that plaintiff may have reserved under the purchase and sale agreement. Supreme Court dismissed plaintiff's claims for rents due for 2002 through 2006, but denied defendants' motion with respect to rents due for 2007. Supreme Court also dismissed the claims for tortious interference with contract and punitive damages. The parties cross-appeal and we affirm.

Supreme Court correctly determined that the complaint fails to state a cause of action for tortious interference with contract and alleges no basis for an award of punitive damages. The complaint alleges nothing more than defendants' failure to pay, or submit lawful objections to, plaintiff's claim for additional rent. "Plaintiff has failed to allege or demonstrate the creation of a relationship or duty between [himself] and defendant[s] separate from this contractual obligation; therefore, no independent tort claim lies" (*Alexander v GEICO Ins. Co.*, 35 AD3d 989, 990 [2006] [citations omitted]). Moreover, a claim for tortious interference with contract "envision[s] acts by a third party" (*Burdett Radiology Consultants v Samaritan Hosp.*, 158 AD2d 132, 136 [1990]) and Freedus, as principal, and defendant P.C. "are not third parties unrelated to the contract" (*id.*; *see Werner v Katal Country Club*, 234 AD2d 659, 662 [1996]; *Brad-*

*ford v Weber*, 138 AD2d 860, 862 [1988]). As plaintiff alleges no tort independent of defendants' obligations under the lease, his claim for punitive damages was also properly dismissed (*see Alexander v GEICO Ins. Co.*, 35 AD3d at 990).

The complaint, on its face, clearly alleges causes of action for the unpaid rent, and so we turn to the defense based on documentary evidence. " 'To succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim' " (*Adamkiewicz v Lansing*, 288 AD2d 531, 532 [2001], quoting *Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754, 754 [1996]; *see Vanderminden v Vanderminden*, 226 AD2d 1037, 1039 [1996]; *Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663, 665 [1995]). Initially, we note that the purchase and sale agreement and the assignment of leases and rents, although executed on different dates, appear to be the result of negotiations regarding a single transaction between plaintiff and the purchaser, and therefore constitute a single contract (*see Bradford v Weber*, 138 AD2d at 862). Defendants' motion to dismiss therefore hinges on whether these documents, read together (*see Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]; *Evans Prods. Co. v Decker*, 52 AD2d 991, 992 [1976]), and other evidence submitted on the motion, establish as a matter of law that plaintiff has relinquished his right to collect rents from defendants.

The purchase and sale agreement obligated plaintiff to deliver possession of the property to the purchaser subject to, among other things, defendant P.C.'s lease, and specifically reserved plaintiff's right to collect rent "due for 2007 and payable in 2008." The purchase and sale agreement also contained the purchaser's express acknowledgment of plaintiff's "ongoing disagreements" with defendants regarding "unpaid rents by [defendants] during the year 2007" and plaintiff's right to sue defendants to collect the unpaid rents. Defendants argued, and Supreme Court held, that this language limited plaintiff's reservation of rights to the collection of rents for the year 2007. We agree. Although the record does not indicate that defendants' obligation for any unpaid rents for the years 2002 through 2006 was ever discharged, plaintiff's reservation of rights is limited by its plain language to rents due for the year 2007. " 'The written terms and conditions of a contract define the rights and obligations of the parties where the language employed is clear and unambiguous' " (*Bauersfeld v Board of Educ. of Morrisville-Eaton Cent. School Dist.*, 46 AD3d 1003,

1005 [2007], *lv denied* 10 NY3d 704 [2008], quoting *Dierkes Transp. v Germantown Cent. School Dist.*, 295 AD2d 683, 684 [2002]). " '[A] court is duty-bound to adjudicate the parties' rights according to unambiguous provisions and give words and phrases employed their plain meaning' " (*Bauersfeld v Board of Educ. of Morrisville-Eaton Cent. School Dist.*, 46 AD3d at 1005, quoting *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747 [1997]). "A contract is ambiguous if the language used lacks a definite and precise meaning, and there is a reasonable basis for a difference of opinion" (*Pozament Corp. v AES Westover, LLC*, 27 AD3d 1000, 1001 [2006] [citation omitted]). "It is only when language used in a conveyance is susceptible of more than one interpretation that the courts will look into surrounding circumstances, the situation of the parties, etc." (*Webster v Ragona*, 7 AD3d 850, 853-854 [2004] [internal quotation marks and citations omitted]). Here, the language employed in the purchase and sale agreement explicitly references rents for the year 2007 only, and is simply not susceptible to alternative interpretations (*see Payne v Enable Software*, 229 AD2d 880, 882 [1996]; *Beltrone Constr. Co. v State of New York*, 189 AD2d 963, 965-966 [1993], *lv denied* 81 NY2d 709 [1993]).

Apparently contradicting the express language of the purchase and sale agreement, the assignment of leases and rents assigned to the purchaser's management company all of plaintiff's right, title and interest in the lease, including the right to enforce rents "due, or to become due." Other documentary evidence perpetuated this contradiction. The statement of sale reconciled the payments and credits due at closing, and contained the notation: "Additional rents to be collected by seller post closing per contract." Plaintiff's affidavit explains that the assignment of leases and rents was provided only to enable the purchaser to obtain title insurance and that plaintiff had "reserved his rights" to collect past due rents. The purchaser submitted affidavits, in support of defendants' motion, admitting that the purchaser had intended to seek financing to purchase the property, but ultimately entered into a cash transaction, thereby eliminating the need for title insurance. The purchaser states that by delivering the assignment of leases and rents, plaintiff assigned his rights to collect past due rents to the purchaser. We note, however, that the purchaser offers no explanation as to why plaintiff did so while expressly reserving those same rights in the purchase and sale agreement. Given the factual contradictions in the affidavits and the internal ambiguity of the contract documents, it is not possible to resolve, in the context of this CPLR 3211 motion, plaintiff's right to sue for the 2007 rents, and Supreme Court therefor properly denied defendants' motion with respect to the 2007 rents only.

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that order is affirmed, without costs.