■ FRANCIS J. ANGELINO, Appellant, v FRANCIS J. ANGELINO, D.D.S., P.C., et al., Respondents. [921 NYS2d 367]—

McCarthy, J. Appeal from an order of the County Court of Otsego County (Lambert, J.), entered December 8, 2009, which affirmed an order of the Oneonta City Court granting defendants' motion to dismiss the complaint.

Plaintiff owned an office building in the City of Oneonta, Otsego County and leased a portion of the building to defendant Francis J. Angelino, D.D.S., P.C. (hereinafter the corporation). Defendants Bruce Aaronson and Amy Thompson were members of the corporation, but were not parties to the lease in their individual capacities. In 2007, plaintiff agreed to sell the building to Aaronson and Thompson, as memorialized in a purchase and sale agreement. Title was transferred to 53 Chestnut Street Realty, LLC (hereinafter the LLC), a limited liability company formed by Aaronson and Thompson to own and manage the building.

The purchase and sale agreement states that "[a]dditional [r]ent" owed by the corporation that was "due for 2007 and payable in 2008 pursuant to [the corporation's] lease" shall be paid by the purchaser to plaintiff as long as the defined additional rent is received by the purchaser. The agreement further states that the purchaser "shall not be obligated to collect such [a]dditional [r]ent, nor institute any collection proceedings" to ensure collection from the corporation or other tenants. A similar clause addresses additional rent due from another tenant, Michael Freedus, D.D.S., P.C., but that clause expressly reserves plaintiff's right to recover the additional rent

from that tenant (*see generally Angelino v Michael Freedus, D.D.S., P.C.*, 69 AD3d 1203 [2010]).

Plaintiff also signed and delivered an assignment of leases and rents that gives the LLC all of plaintiff's "right, title and interest in any and all leases . . . [including] the rents, income, issues and profits due, or to become due." The assignment notes that "[a]ll rents are adjusted as of today, January 2, 2008" and the document is "intended to be and is an absolute present assignment" of the leases and rents.

Soon after the closing, plaintiff requested that defendants pay $7,692.87 in additional rent due for 2007 under the corporation's prior lease. Defendants refused. Plaintiff then commenced this action in Oneonta City Court. City Court granted defendants' motion for dismissal pursuant to CPLR 3211 (a) (1), (3) and (7). Upon plaintiff's appeal, County Court affirmed. Plaintiff now appeals to this Court.

Based on the documentary evidence, City Court correctly determined that defendants were entitled to dismissal of the complaint. The clear and unambiguous language in the assignment of leases and rents divested plaintiff of his rights and obligations under the leases, thereby preventing him from commencing an action to recover any additional rent owed under the lease with the corporation (*see Singer v Boychuk*, 194 AD2d 1049, 1051 [1993], *lv denied* 82 NY2d 657 [1993]). Although this Court found ambiguity regarding plaintiff's ability to recover rent from another tenant, this was due to the fact that the language in the assignment contradicted the term in the purchase and sale agreement expressly reserving plaintiff's right to collect prior rent from that tenant (*see Angelino v Michael Freedus, D.D.S., P.C.*, 69 AD3d at 1206). The purchase and sale agreement does not contain any such reservation regarding the collection of rent from the corporation.

While the assignment prevents plaintiff from collecting additional rent directly from the corporation as its tenant, he has some recourse to collect additional rent pursuant to the purchase and sale agreement. That agreement requires the purchaser (i.e., the LLC) to pay over to plaintiff any additional rent collected in accordance with the leases, but that responsibility is conditioned upon such additional rent being collected by the LLC, with no obligation upon the LLC to collect it. We note that the LLC was not named as a party to this action. Even so, as the LLC has not received additional rent from the corporation, it is not obligated—under the purchase and sale agreement—to pay anything to plaintiff. Plaintiff contends that Aaronson and Thompson, as members of both the corporation

and the LLC, have possession of the money owed as additional rent. But the individual defendants, the LLC and the corporation are distinct entities, not generally liable for the debts of each other (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]). Money in the possession of the corporation is not considered money in the possession of individuals involved with that entity, or in the possession of the LLC controlled by those same individuals. Under a literal interpretation of the agreement, which was "negotiated between sophisticated, counseled business people negotiating at arm's length" (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]), the LLC is under no obligation to collect additional rent from the corporation, even though the principals of both organizations are the same. Similarly, the individual defendants owe no obligation to plaintiff to pay any additional rent. Thus, City Court properly dismissed the complaint.

Lahtinen, J.P., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.