Stein, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered December 28, 2011 in Cortland County, which, among other things, granted defendant’s motion for partial summary judgment.
In January 2002, plaintiff notified defendant, his no-fault insurance carrier, that he had been injured in a motor vehicle accident. Defendant thereafter denied his no-fault claim, prompt *1411 ing plaintiff to commence this action in which he asserted claims of breach of contract and tort, with a concomitant request for punitive damages. After joinder of issue, and various motions brought by each party and appeals related thereto (96 AD3d 1198 [2012]; 75 AD3d 957 [2010]), defendant moved for summary judgment dismissing plaintiffs tort claim and accompanying demand for punitive damages, alleging that the claim failed to state a cause of action (see CPLR 3211 [a] [7]). Plaintiff cross-moved for, among other things, leave to amend the complaint. In a December 2011 order, Supreme Court granted defendant’s motion, dismissed the tort claim and denied plaintiffs cross motion. On plaintiffs appeal, we now affirm.
Although “damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, . . . punitive damages may be recoverable if necessary to vindicate a public right” (New York Univ. v Continental Ins. Co., 87 NY2d 308, 315 [1995]), but only where a defendant’s conduct was (1) actionable as an independent tort, (2) egregious, (3) directed toward the plaintiff and (4) part of a pattern directed at the public (see id. at 316; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]). Thus, “[w]here a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering [a] defendant’s motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract” (New York Univ. v Continental Ins. Co., 87 NY2d at 316). In this regard, a “defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations” (id.). Nonetheless, “where a party is merely seeking to enforce its bargain, a tort claim will not lie” (id.).
Here, plaintiff seeks an award of punitive damages based upon his allegation that defendant engaged in “bad faith tactics” by failing to promptly investigate his no-fault claim and failing to renew his insurance policy. Such claim does not allege a breach of duty distinct from defendant’s contractual obligations. Further, while plaintiff alleged a violation of Insurance Law § 2601 based upon defendant’s purported failure to timely investigate his no-fault claim, New York does not recognize a private cause of action under that statute (see New York Univ. v Continental Ins. Co., 87 NY2d at 317-318; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d at 604; Kantrowitz v Allstate Indem. Co., 48 AD3d 753, 754 [2008]). In light of the foregoing, *1412 even if we construe the complaint liberally, accept as true the facts as alleged and accord plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Murray Bresky Consultants, Ltd v New York Compensation Manager’s Inc., 106 AD3d 1255, 1258 [2013]; Mesiti v Mongiello, 84 AD3d 1547, 1549 [2011]), we concur with Supreme Court that the complaint does not allege a tort existing independently from the parties’ contract (see New York Univ. v Continental Ins. Co., 87 NY2d at 320; Alexander v GEICO Ins. Co., 35 AD3d 989, 990 [2006]) and, therefore, fails to state a cause of action for punitive damages based upon tortious conduct.
Nor did Supreme Court abuse its discretion in denying plaintiff’s cross motion for leave to amend the complaint, as plaintiff failed to establish that the proposed amendment is not plainly without merit (see Matter of Greece Town Mall, L.P. v New York State, 105 AD3d 1298, 1299-1300 [2013]; Vermont Mut. Ins. Co. v Mowery Constr., Inc., 96 AD3d 1218, 1219 [2012]; see also Vectron Intl., Inc. v Corning Oak Holding, Inc., 106 AD3d 1164, 1168 [2013]). Here, plaintiff failed to submit a copy of the proposed amended pleading, and his conclusory allegations in support of his motion were insufficient to make any evidentiary showing that the proposed amendments have merit (see Chang v First Am. Tit. Ins. Co. of N.Y., 20 AD3d 502, 502 [2005]). Thus, plaintiffs cross motion was properly denied (see Putney v People, 94 AD3d 1193, 1194-1195 [2012], appeal dismissed 19 NY3d 1020 [2012], lv denied and dismissed 21 NY3d 909 [2013]; McColgan v Brewer, 75 AD3d 876, 878 [2010]).
Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.