Starr Indem. & Liab. Co. v Monte Carlo, LLC (2024 NY Slip Op 05779)

Starr Indem. & Liab. Co. v Monte Carlo, LLC

2024 NY Slip Op 05779

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 651045/13 Appeal No. 3064 Case No. 2023-04148 

[*1]Starr Indemnity & Liability Company, Plaintiff-Appellant,
v
Monte Carlo, LLC, et al., Defendants/Counterclaim Plaintiffs-Respondents, Great American Insurance Company, Defendant, Main Street, L.I., LLC, Defendant/Additional Counterclaim Plaintiff-Respondent.

Harris Beach PLLC, New York (Brian D. Ginsberg of counsel), for appellant.
Farrell Fritz, P.C., Uniondale (Franklin C. McRoberts of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about July 6, 2023, which denied plaintiff Starr Indemnity & Liability Company's motion to dismiss the fourth counterclaim for breach of the implied covenant of good faith and fair dealing, unanimously modified, on the law, to grant the motion as to so much of the counterclaim as alleges bad-faith refusal or failure to settle Jose Nunez v Coventry Vil. Apts. et al. and Susan Montefusco v Main St. L.I., L.L.C. (the trip and fall cases), and otherwise affirmed, without costs.
The fourth counterclaim for breach of the implied covenant of good faith is not duplicative of the breach of contract counterclaim (see New York Botanical Garden v Allied World Assur. Co. [U.S.] Inc., 206 AD3d 474, 476 [1st Dept 2022]; D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 168 AD3d 505, 507 [1st Dept 2019]). The breach of contract claim deals only with policy 810. By contrast, the breach of implied covenant of good faith and fair dealing claim involves all three policies (809, 810, and 811), and "relies upon different facts and seeks different damages" (New York Botanical Garden, 206 AD3d at 476).
Starr contends that the portion of the breach of the implied covenant of good faith claim dealing with its failure or refusal to settle lawsuits against its insureds should be dismissed as inadequately pleaded. The contention is unavailing as to the actions involving a fire at one of the insured properties (fire cases). As to the fire cases, counterclaim plaintiffs allege that Starr was "presented with the actual opportunity to settle the claims against [Dorchester, L.L.C.]" within policy limits, and that "[a]ll serious doubts about Dorchester's liability had been removed." These allegations sufficiently allege Starr's failure or refusal to settle the fire cases (see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 454 [1993]).
However, with respect to the trip and fall cases, counterclaim plaintiffs failed to make such allegations. Moreover, they failed to allege that Starr exercised exclusive control over the defense or settlement of the trip and fall cases (see Pavia, 82 NY2d at 452; Royal Indem. Co. v Salomon Smith Barney, 308 AD2d 349, 350 [1st Dept 2003]). With respect to Nunez, the fourth counterclaim alleges, "[counterclaim plaintiff Main Street, L.I., LLC] settled the case . . . with no participation from Starr." As for Montefusco, counterclaim plaintiffs allege, "Starr refused to provide Main Street with a defense"; therefore, Main Street hired its own counsel. However, counterclaim plaintiffs may still maintain a claim for bad-faith refusal to defend in Montefusco (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 63-64 [1st Dept 2007]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024